UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD IRVIN HARRIS                                        CIVIL ACTION

VERSUS                                                     NO. 11-1165

PAUL CONNICK, JR., ET AL.                                  SECTION "I"(3)

REPORT AND RECOMMENDATION

Plaintiff, Edward Irvin Harris, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants District Attorney Paul Connick, Jr., and Assistant District Attorneys Caren Morgan and Frank Brindisi. Plaintiff claims that his rights were violated in his state criminal prosecution.

On December 1, 1995, plaintiff was convicted of two counts of first degree murder and subsequently sentenced to death. However, on June 21, 2002, the Louisiana Supreme Court ruled that the prosecution used a peremptory strike to remove a juror based on his race in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Accordingly, plaintiff's convictions and sentences were reversed. State v. Harris, 820 So.2d 471 (La. 2002). Plaintiff alleges that a subsequent retrial in 2006 ended in a mistrial. He further alleges that when he was again retried in 2010, he was convicted of a lesser charge. He is currently serving the sentence imposed in that third trial.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

2

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>In re</u> Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned finds that plaintiff's claims should be dismissed because they are frivolous, fail to state a claim on which relief may be granted, and/or seek monetary damages against a defendant immune from such relief.

## II. Plaintiff's Claims

### A. Prescribed Claims

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); <u>see also</u> <u>Clifford v. Gibbs</u>, 298 F.3d 328, 332 (5th Cir. 2002); <u>Smith v. Orleans Parish Prison</u>, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. Therefore, to the extent that plaintiff is asserting claims based on actions taken

---

[1] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

3

during the trials in 1995 and/or 2006, those claims prescribed many years before this lawsuit was filed in 2011. Prescribed claims are properly dismissed as legally frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

### B. Claims Stemming from the 2010 Trial

Although any claims based on 2010 trial are not prescribed, those claims must nevertheless also be dismissed for the following reasons.

### 1. Official-Capacity Claims

Plaintiff has sued all of the defendants in their official capacities.[2] However, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Id. at 470.

Regarding claims against such entities, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the

---

[2] Rec. Doc. 1, pp. 8-9.

4

> rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. *The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.*

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6.

In the instant case, plaintiff alleges that defendants acted pursuant to "a custom and policy of deliberate indifference toward the well being of the plaintiff";[3] however, that allegation is purely conclusory and fails to identify the policy with any specificity. Accordingly, he has failed to state a nonfrivolous official-capacity claim against any of the named defendants.

### 2.  Individual-Capacity Claims

Plaintiff has also sued all of the defendants in their individual capacities.[4] Those claims likewise fail for the following reasons.

---

[3]  Rec. Doc. 1, p. 11.

[4]  Rec. Doc. 1, pp. 8-9.

### a. Claims for Monetary Damages

As to any such claims for monetary damages for actions taken by the defendants during the course of the prosecution, those claims are barred by the defendants' absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

That said, the Court notes that it is unlikely that Connick personally took any action with respect to plaintiff's case; nevertheless, assuming Connick was personally involved, he is entitled to absolute prosecutorial immunity. However, to the extent that plaintiff is simply seeking to hold Connick liable for the actions of his subordinates, such supervisory liability is not recognized in federal civil rights actions. In a § 1983 lawsuit, a supervisory official cannot be held liable for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Moreover, to the extent that plaintiff means to assert some sort of vague claim against Connick for failing to properly train his subordinates,[5] his allegations are insufficient. The mere fact

---

[5] See Rec. Doc. 1, p. 12.

6

that an alleged injury could have been prevented if there had been better or additional training cannot, without more, support liability.  Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005).  Instead, a supervisory official can be held liable on a failure-to-train claim only if (1) the official failed to train the subordinates involved, (2) there is a causal connection between the alleged failure to train and the alleged violation of the plaintiff's rights, and (3) the failure to train constituted deliberate indifference to his constitutional rights.  Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001); see also Gates v. Texas Department of Protective and Regulatory Services, 537 F.3d 404, 435 (5th Cir. 2008).

As to the third of those requirements, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference requires more than a showing of negligence or even gross negligence.  Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity.  To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a *pattern of violations* and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation.

Estate of Davis *ex rel.* McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (emphasis added; footnotes and quotation marks omitted); see also Thompson, 245 F.3d at 459 ("Proof of *more than a single instance* of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference.") (emphasis added).  The United States Supreme Court recently made clear that a pattern of violations is particularly necessary when one is claiming that a district attorney failed to properly train his subordinate prosecutors:  "A district attorney is entitled to rely on prosecutors' professional training and ethical obligations in the absence of specific reason, such as

7

a pattern of violations, to believe that those tools are insufficient to prevent future constitutional violations in the usual and recurring situations with which the prosecutors must deal." Connick v. Thompson, 131 S.Ct. 1350, 1363 (2011) (quotation marks and brackets omitted). Plaintiff has not alleged that such a pattern of violations exists in the instant case.

### b. Claims for Declaratory and Injunctive Relief

To the extent that plaintiff is seeking declaratory and injunctive relief,[6] those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

Because plaintiff is arguing that the defendants violated his constitutional rights during his prosecution and trial, and because a finding in his favor on that issue by this federal court would

---

[6] Rec. Doc. 1, p. 8.

8

necessarily imply the invalidity of the resulting state court criminal conviction, his claims for declaratory and injunctive relief are barred by Heck until such time as that conviction has been invalidated. Walton v. Parish of LaSalle, 258 Fed. App'x 633 (5th Cir. 2007); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims seeking declaratory or injunctive relief in connection with his 2010 trial be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.[7]

It is **FURTHER RECOMMENDED** that all of plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[7] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

9

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this first day of June, 2011.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

10